BROOKLYN TRUST COMPANY et al., Plaintiffs, *v.* HERBERT S. SHAPIRO et al., Defendants.

Supreme Court, Special Term, Kings County, March 25, 1943.

*Louis Fabricant* for Herbert S. Shapiro, defendant.

*Cullen & Dykman* for plaintiffs.

LOCKWOOD, J. This is a motion by the defendant Herbert S. Shapiro, an unmarried attorney, who was inducted into the Army on April 24, 1942, and is now a sergeant with pay of $78 per month, stationed at a camp in the South.

He seeks relief under the provisions of the Federal and State Soldiers' and Sailors' Civil Relief Acts (U. S. Code, tit. 50, Appendix, § 501 *et seq.*; Military Law, § 300 *et seq.*) from the payment of taxes due since September 30, 1942, and interest accruing since February 1, 1942, on a mortgage of $2,750, held by the Brooklyn Trust Company and Lucy S. Fabre as surviving trustees and others on the property No. 1557 Forty-fourth Street, Brooklyn, N. Y.

The two-story seven-room brick house on this lot has a rental value of about $40 per month. The defendant applicant rents it for $20 per month to an aunt and uncle who are deserving and who have been for many years in need of family aid. They have evidently resided since about 1918 on this property, which was owned by the applicant's father and mother until conveyed to the son for a nominal consideration, by deed recorded June 14, 1940.

The applicant admits in the papers submitted that he has other investments, including War Bonds, recently purchased, all of which he desires to retain as " a cushion " to rely upon when he takes up his law practice after the war.

The plaintiffs' attorneys point out that while the aid given to the aunt and uncle for twenty years is commendable, in view of the age of the applicant it must have been given for most of these years by his father and mother, who, as heretofore shown, owned the house in question until a short time ago when they conveyed it to the son for a nominal consideration. They also point out that the father and mother are more closely related to the relatives being assisted and that the father and mother

are persons of substantial means and have long been, and are now, both actively engaged in business as jobbers in men's, women's and children's hosiery, underwear, sweaters, et cetera, at No. 544 Broadway, New York, where they own and operate the Bell Merchandising Corporation, which does a large business and has an excellent credit rating.

Plaintiffs' attorneys further point out that said father and mother reside at No. 1625 Fifty-first Street, Brooklyn, to which title was taken in the name of the defendant son from the Seneca Falls Savings Bank by deed recorded July 31, 1941. This home is subject to a purchase-money mortgage of $5,500, is assessed at $10,000, and all taxes, mortgage interest and mortgage amortization payments to date have been met.

Plaintiffs argue that to grant this application would be to pass over to them at least partial support of people to whom they owe no obligation. That the obligation of the trustees is to the beneficiary of the trust and that they and the plaintiffs and their families are also buying their share of War Bonds and in other ways serving their country. Further, that in a short period of time back taxes, water rates arrears and unpaid mortgage interest would equal or exceed the equity defendant has in the property, and that thus the trustees and the other plaintiffs would be left with a run-down, vacant house greatly to their loss and damage.

On the facts here shown this motion must be denied.

Submit order on notice.